### Henry V. Disbrow *vs.* De Garmo Jones and others, and De Garmo Jones *vs.* Henry V. Disbrow and others.

A party seeking to set aside a conveyance, on the ground of fraud, must be prompt in communicating it when discovered, and consistent in his notice to the opposite party, of the use he intends to make of it.

Where the complainant had rested for several months after he had knowledge of the fraud complained of, and until the condition of the property had changed, before he took any steps to rescind the contract, this court refused to interfere, but left the complainant to his remedy at law.

Where J. sold and conveyed certain premises to H. and others, for $20,000, subject to the unexpired term of W., under a lease from J. of the same premises, and H. and others, executed a mortgage to J., upon the premises, to secure the purchase money, and it was agreed that J. should receive the rent from W., so long as W. remained in possession under the lease, and that J. should pay to H. and others, the interest on the $20,000, so long as W. remained in possession, and the first instalment of $4,000 became due upon the mortgage, and J. proceeded to foreclose the same, and the bill was taken as confessed as against the mortgagors; it was held that the amount due from J. to H. and others, by virtue of the agreement to pay interest, should be deducted from the amount due on the mortgage, and a reference was directed to a master to ascertain the balance due on the mortgage.

For a general statement of the facts in the first of these cases, see *Disbrow* vs. *Jones and others, ante* 48.

In the case above referred to, Jones was proceeding to foreclose a mortgage by advertisement, under the statute, and Disbrow, claiming an undivided interest in the mortgaged premises as purchaser from one of the mortgagors, filed his bill and obtained an injunction restraining Jones from foreclosing the mortgage. On coming in of the answers, the injunction was dissolved.

Jones then discontinued the proceeding to foreclose by advertisement; and filed his bill December 6, 1837, to foreclose his mortgage.

The bill is in the usual form, against the mortgagors, and states that Disbrow, some time after the sale of the mortgaged premises by Jones to the mortgagors, acquired by purchase of the mortgagors, or some one of them, an estate and interest in an undivided part of said premises, the same being conveyed to him in fee simple; that said Disbrow, by such purchase and

conveyance, claimed to be the owner of the undivided three-fourth parts of said premises.

The bill alledged that at the time of such purchase and conveyance, Disbrow was fully informed of the bond and mortgage, and of Whiting's lease; that he was notified of the lease by Thompson, and also had notice thereof from other sources, and purchased and acquired the interest which he held in the premises, subject to Whiting's lease; that Whiting was, at the time of the purchase and conveyance to Disbrow, in the actual possession and occupation of said premises, under and by virtue of the lease, and that Disbrow knew of the endorsement on the lease extending Whiting's term to February 1, 1839.

July 23, 1838, the bill was taken *pro-confesso* as to all the defendants except Disbrow, who answered. The answer admits the sale of the premises by Jones, the bond, mortgage, lease and agreement; also, the possession, by Whiting, of the premises, but denies that he, Disbrow, knew the terms of the lease, or had any knowledge of the special agreement reciting the extension of the term to Whiting, until his purchase, but states that after his (Disbrow's) purchase of Thompson, Thompson drew from his pocket and gave him that agreement.

D. GOODWIN, for complainant.

WOODBRIDGE and BACKUS, for defendant Disbrow.

THE CHANCELLOR. The most important points in the first of the above cases, were decided upon the motion to dissolve the injunction. (*See Disbrow* vs. *Jones, ante* 48;) and it is not necessary again to examine and decide the same points which were then discussed and decided.

Jones and Whiting, each, had an insurable interest in the premises; they paid the premium on the insurance; they have sustained loss to the full amount of the insurance, and they are clearly entitled to the benefit of the policy. The agreement respecting the insurance, was between Jones and Whiting; Disbrow was not a party to it; Jones is liable to his vendees for the $2,800, and this amount must be deducted from

the amount secured by the mortgage; but I cannot perceive how Jones can be made responsible to Disbrow for the $2,500, when the policy does not pass with the title to the premises.

There is another point in this case upon which I have entertained some doubt. It is the alternative prayer in the bill by Disbrow *vs.* Jones and others, that the contract between Disbrow and Thompson may be rescinded and the deeds and conveyances set aside on the ground of fraud. If this is done, it must be on the ground that the complainant has not a full and adequate remedy at law.

The only particular in which the remedy in this court would be more full than at law is, if the contract between Disbrow and Thompson, should be set aside, this court would have the power to order a re-conveyance. It is alledged in the bill that a part of the consideration paid by Disbrow to Thompson, was paid in lands, and upon a proper showing, it would unquestionably be competent for this court to order a re-conveyance; but it does not appear that the title to the lands conveyed by Disbrow to Thompson, is still in Thompson, and a re-conveyance is not specifically prayed for in the bill; a specific sum was agreed upon by the parties, which Disbrow was to pay Thompson for his interest, a part of which was paid in lands at a specified price. The incumbrance of Whiting's lease, does not affect the title to the property conveyed by Thompson to Disbrow, but to the present possession only; and it does not sufficiently appear that Disbrow has not an adequate remedy at law.

A party seeking to set aside a conveyance on the ground of fraud, must be prompt in communicating it when discovered, and consistent in his notice to the opposite party of the use he intends to make of it. *Boyce's ex'rs.* vs. *Grundy,* 3 *Peters,* 215. Such was not the case here; the complainant had notice of the incumbrance of Whiting's lease at the time, or immediately after his purchase from Thompson, and he admits that Thompson handed him the agreement recognizing Whiting's right to occupy the premises, under his lease from Jones, until February 1, 1839, at the time or immediately after the consumma-

tion of the contract between Disbrow and Thompson. If Disbrow conceived this to be a fraud upon his rights, he should at once have given notice of his intention to recede from the contract. But this was not done. Disbrow rested for several months, and until the condition of the property was changed, before he took any steps to rescind the contract.

Under the facts here presented, it would be going further than any case I have been able to find, to rescind the contract between Disbrow and Thompson and order the deeds to be cancelled.

The complainant must be left to his remedy at law, where, so far as I can perceive, that remedy is full and adequate.

The mortgagee having retained possession of the mortgaged premises by his tenant, would, perhaps, exclusive of any agreement upon the subject, be liable to the mortgagors for the rents; but here was a specific agreement, as to the rent, between the mortgagors and the mortgagee. Jones was to pay the mortgagors $1,400 per annum, in lieu of rent. The amount secured by the mortgage is admitted to be unpaid, and a portion of it now due; this mortgage is expressly recognized in the deed from Thompson to Disbrow. The mortgagors have permitted the bill to be taken as confessed against them, and Jones is entitled to a decree for the amount now due upon the mortgage, deducting the amount due from Jones to his mortgagors, by virtue of the agreement, and it must be referred to a master to ascertain the amount so due.

The bill in the case of Disbrow against Jones and others, must be dismissed.